IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL SCAGGS and PAMELA SCAGGS, Husband and Wife, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 11-CV-332-JHP<br>)<br>)<br>) |
| WHOLESALE TOOL & METAL, INC., RICHARD JARVIS, and DUSTIN JARVIS | )<br>)<br>) |
| Defendants. | ) |

## ORDER AND OPINION

Before the Court is Plaintiffs Paul and Pamela Scaggs' Objection to Removal and Motion to Remand to State Court.[1] Defendant has offered no response to this motion. Plaintiff requests that the Court remand this action to the District Court of McCurtain County, Oklahoma pursuant to the "forum defendant rule" found in 28 U.S.C. § 1441(b). For the reasons stated below, Plaintiff's motion is hereby **GRANTED.**

## BACKGROUND

Plaintiffs Paul and Pamela Scaggs commenced this action August 23, 2011 by filing a Petition in the District Court of McCurtain County Oklahoma.[2] Plaintiff alleges Defendant Dustin Jarvis' negligent operation of a forklift resulted in Plaintiff Paul Scaggs' being knocked from his

---

[1] Docket No. 10.

[2] Petition at 1, Docket No. 2-1.

1

trailer causing him serious bodily injury.[3] Plaintiff further alleges that Dustin Jarvis was under the direct supervision of Defendant Paul Jarvis, and that both were acting within the scope of their employment with Wholesale Tool and Metal, Incorporated (Wholesale Tool).[4] Defendant timely removed this case to the Eastern District of Oklahoma on September 26, 2011 citing diversity jurisdiction under 28 U.S.C. § 1332.[5] Plaintiffs subsequently filed their Motion to Remand on October 26, 2011, within the 30 day time limit set forth in 28 U.S.C. § 1447(c).[6] Plaintiff claims the case was improperly removed because Defendant violated the "forum defendant rule" rule.[7]

## **DISCUSSION**

Generally civil actions brought in state court are removable to federal court if the action could have originally been filed in federal court.[8] Under § 1441(b), however, a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Defendant removed this case based on diversity jurisdiction under 28 U.S.C. § 1332.[9] Defendants openly admit that individual Defendants Dustin Jarvis and Paul Jarvis and corporate Defendant Wholesale Tool,

---

[3] *Id.* at 2.

[4] *Id.*

[5] Defendants' Notice of Removal at 1-2, Docket No. 2.

[6] Docket No. 10.

[7] The term "forum defendant" rule refers to the rule found in 28 U.S.C. § 1441(b) which prohibits a defendant from removing a action to federal court if the defendant is a citizen of the state in which the action was brought

[8] 28 U.S.C. § 1441(a).

[9] Notice of Removal at 1-2, Docket No. 2.

2

are citizens of Oklahoma and that all Defendants were a citizens of Oklahoma at the time Plaintiff originally filed this action in the District Court of McCurtain County, Oklahoma.[10] Because all Defendants were citizens of Oklahoma, the same state in which Plaintiff filed this action, and because removal was not based on a federal question, the Court finds the action was improperly removed based on the clear language of § 1441(b).[11]

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Remand and hereby orders the Court Clerk to remand this case to the District Court of McCurtain County.

IT IS SO ORDERED this 16th day of November, 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[10] Defendants' Notice of Removal at 2, ¶¶ 5-6, Docket No.2.

[11] The Tenth Circuit has not addressed whether the "forum defendant" rule is procedural or jurisdictional, noting that the weight of authority seems to conclude that the rule is procedural. The distinction is significant when deciding whether the rule can be waived by a party's failure to file a timely motion seeking remand. In this case, because Plaintiff's motion was timely, the distinction is not relevant for the purpose of the Court's ruling on the Motion to Remand.

3